**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**NATIONAL BENEFIT LIFE
INSURANCE COMPANY, a corporation,**

        Plaintiff,

v.                                                                                                  **Civil Action No. 3:11-CV-31
(BAILEY)**

**WINSTON L. SPENCE, JR., individually, and
as parent and next friend of J.S., a minor,
and JAYSON SPENCE,**

        Defendants.

## ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIM

On this day, the above-styled matter came before this Court upon consideration of National Benefit Life Insurance Company's Motion to Dismiss Defendants' Counterclaim [Doc. 18]. On September 26, 2011, plaintiff National Benefit Life Insurance Company also filed its Motion for Summary Judgment [Doc. 33]. At that time, this Court noted the defendants are proceeding *pro se*; therefore, this Court exercised its duty to advise the *pro se* defendants of their right to file responsive material, and to alert them to the fact that failure to so respond might result in the entry of an order of dismissal against them with regard to the Complaint. ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F.2d 309, 310 (4th Cir. 1975). Accordingly, this Court set forth the legal standards governing the motions, and the defendants were so advised.

As such, this Court cautioned the defendants that within twenty-eight (28) days of receipt of the ***Roseboro*** Notice Order, the defendants shall file any opposition explaining

1

why National Benefit Life Insurance Company's Motion to Dismiss Defendants' Counterclaim [Doc. 18] and National Benefit Life Insurance Company's Motion for Summary Judgment [Doc. 33] should not be granted. The defendants were further advised that they must serve the plaintiff with any response filed. On October 26, 2011, *pro se* defendant Winston L. Spence did file his response [Doc. 39]. Therefore, this Court will consider this case on the merits.

**I.      Factual and Procedural History**

On February 10, 1996, Silvana L. Sital ("Ms. Sital") applied for a National Benefit term life insurance policy. On the Application for Life Insurance ("Application"), Ms. Sital designated as her primary beneficiary: "Winston L. Spence, Jr. in trust for Jayson Spence and J.S." At the time of Application, defendant Winston L. Spence, Jr. ("defendant Spence") was the husband of Ms. Sital. In addition, Ms. Sital's son, Jayson Spence, was four years old, and her son, J.S., was one year old. Ms. Sital signed the Application verifying the information contained within. See Doc. 18, Application for Life Insurance, attached as "Exhibit A."

On March 22, 1996, National Benefit issued a term life insurance policy, Policy Number 3470050864 ("the Policy"), on the life of Ms. Sital with defendant Spence named as the primary beneficiary in trust for Jayson Spence and J.S. The face amount of the Policy was $100,000.00, and the Policy was set to expire on March 25, 2034. See Doc. 18, Policy attached as "Exhibit B."

On October 1, 2010, Ms. Sital died within the term of the Policy, and the life insurance proceeds of the Policy became due and payable. See Doc. 18, Death Certificate attached as "Exhibit C." Following Ms. Sital's death, defendant Spence submitted a claim

2

for benefits on his own behalf under the Policy. See Doc. 18, Claimant's Statement attached as "Exhibit D."

On December 28, 2010, National Benefit sent correspondence to defendant Spence informing him that, according to the Application, he was appointed as the trustee for Jayson Spence and J.S., and the monetary benefits of the Policy were intended for Jayson Spence and J.S. In addition, National Benefit informed defendant Spence that since Jayson Spence was now an adult, he could make a claim for his half of the insurance proceeds. National Benefit further informed defendant Spence that someone would need to petition the probate court for appointed guardianship of J.S.'s estate, because J.S. was still a minor, and that National Benefit would provide a claim form to the appointed guardian once National Benefit received Court documents regarding this appointment. See December 28, 2010, Letter to Winston L. Spence, Jr. from Lynda Allison attached as "Exhibit E." On December 28, 2010, National Benefit sent a claim form to Jayson Spence for him to complete and return for processing. See Exhibit E. However, Jayson Spence never returned the form. On December 29, 2010, defendant Spence inquired of National Benefit why Jayson Spence and J.S. were receiving benefits under the Policy when it was a joint policy between himself and his late wife, Ms. Sital. See Doc. 18, Life Claims Miscellaneous Notes attached as "Exhibit F." The next day, defendant Spence informed National Benefit that he did not want Jayson Spence to collect the Policy proceeds and requested a copy of the Application. See Exhibit F. National Benefit informed defendant Spence that he could obtain guardianship documents for J.S. from the probate court. See Exhibit F. At the time it filed the motion, National Benefit had not received any documents evidencing the appointment of a guardian for J.S.

On December 31, 2010, National Benefit mailed a complete copy of the Application to defendant Spence. See Exhibit F. On February 15, 2011, defendant Spence demanded that the Policy proceeds be paid to him for his sons. See Exhibit F. He further indicated that if National Benefit could not pay him the Policy proceeds, the proceeds should be given to the Court. See Exhibit F. National Benefit filed a Complaint for Interpleader Action with this Court on April 13, 2011. Defendant Spence, Jayson Spence, and J.S. were served with a copy of the Summons and Complaint on May 7, 2011. Defendants served an Answer and Counterclaim on June 7, 2011 [Doc. 12].

On October 3, 2011, this Court entered an Order [Doc. 37] appointing as Guardian *ad Litem* Christopher J. Prezioso to represent the interests of minor J.S. On October 26, 2011, the GAL filed his Response of Guardian *ad Litem* for Minor J.S. to Plaintiff's Motion for Summary Judgment [Doc. 39]. On November 7, 2011, *pro se* defendant Spence filed his Answer to Guardian *ad Litem* for Minor J.S. Response to Plaintiff's Motion for Summary Judgment [Doc. 41].

## II.   **Applicable Standards**

### A.   Summary Judgment Standard

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986). The nonmoving party is required "to

make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. at 322.  When a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . the response . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial."  ***Matsushita Electric Industrial Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986) (quotation omitted).

B. Motion to Dismiss Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff.  ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999).  When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).

5

### III. Parties' Motions

#### A. National Benefit Life Insurance Company's Motion for Summary Judgment

In its Complaint for Interpleader, plaintiff National Benefit Life requested this Court's approval to deposit the Policy proceeds in the amount of $100,000.00 with the Court. It submits that its responsibilities should end there. Thus, although this Court ordered National Benefit to file its Motion for Summary Judgment "to determine whom it believes the appropriate beneficiary of the policy should be, and shall include its position as to whether Laurie Spence was a licensed insurance agent at the time of the sale of the subject policy," the plaintiff respectfully requests that this Court relieve it of taking a position as to whom should receive the Policy proceeds.

Specifically, National Benefit asserts that because it has filed an Interpleader action, this should result in the discharge of National Benefit's obligation in this regard. Rather, it suggests the determination regarding the appropriate beneficiaries belongs solely to this Court. Further, National Benefit expresses its concerns that the Court's requirement for National Benefit to make arguments regarding which of the defendants should receive the insurance proceeds would create a potential conflict and expose it to potential claims. Accordingly, for these reasons, National Life concludes that there is no genuine issue of material fact at issue, and it is entitled to summary judgment.

In support of its Motion for Summary Judgment, National Benefit directs this Court to Rule 22 of the Federal Rules of Civil Procedure, which provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22 (a). In an interpleader action, a party fearing multiple liability is relieved of further liability once that party deposits money into the court

and joins all claimants to the action pursuant to Rule 22. See **Davis v. Mathews**, 361 F.2d 899 (4th Cir. 1966). Further, when an insurance company institutes an interpleader action, "it [becomes] the duty of the district court to determine which of the . . . claimants [are] entitled to the funds deposited into the court." **Equitable Life Assurance Soc'y of the United States v. Jones**, 679 F.2d 356, 358 (4th Cir. 1982). In **Jones**, the Court states:

> [t]he principle of interpleader is that, where two persons are engaged in a dispute, and that which is to be the fruit of the dispute is in the hands of a third party, who is willing to give it up according to the result of the dispute, then that third person is not to be obliged to be at the expense and risk of defending an action; but, on giving up the thing, he is to be relieved, and the Court directs that the persons between whom the dispute really exists shall fight it out at their own expense. The mere statement of the principle shows its justice.

679 F.2d at 358.

Although abstaining from this Court's request to state a position as to whom the Policy proceeds should be dispersed, the plaintiff has taken a position as to whether Laurie M. Spence was a licensed insurance agent at the time of the application and sale of the Policy. Specifically, National Benefit explicitly states that the defendant's assertion that she was not licensed by the State of New York is incorrect. National Benefit states that Ms. Spence was indeed licensed by the State of New York to sell life insurance from September 7, 1995, to June 30, 1997. In support, the plaintiff has attached Ms. Spence's license as Exhibit G. Therefore, National Benefit concludes that Ms. Spence was a licensed

7

insurance agent at the time of Application in February 1996, as well as the time of issuance of the Policy in March 1996. Accordingly, National Benefit asserts that there is no genuine issue of material fact in this regard, and National Benefit is entitled to summary judgment.

### B. Response and Position of the GAL

The GAL's position states that the Policy proceeds should be distributed to defendant Jayson Spence and to minor J.S. as no genuine issue of material fact exists to support defendant Winston Spence, Jr.'s claim that he is entitled to the same.

The GAL notes that in this case, all parties, including defendant Winston Spence, Jr. agree that the primary beneficiary designated on the policy at issue was "Winston Spence, Jr. in trust for Jayson Spence & J.S." As such, the document on its face clearly indicates that the proceeds of the policy at issue should be paid to Jayson Spence and minor J.S. The Guardian *ad Litem* directs this Court to a Fourth Circuit case similar to the instant action. In that case, **Simmons v. Woodard**, 211 F.3d 1265 (4th Cir. 2000), the district court found that summary judgment was appropriate to determine the beneficiary of a life insurance policy in an interpleader action. The Fourth Circuit affirmed. Therefore, it is the opinion of the Guardian *ad Litem* that summary judgment should be granted and the $100,000.00 in proceeds from the Policy should be equally divided between Jayson Spence and minor J.S.

### C. Defendant Winston L. Spence, Jr.'s Answer to GAL's Response to Motion for Summary Judgment

As an initial matter, defendant Spence concedes that Laurie Spence was in fact a licensed insurance agent at the relevant times [Doc. 41 at ¶ 6]. Therefore, all parties now appear to agree on this issue.

Defendant Spence, however, denies that the proceeds of the Policy should be paid to the insured's children. Spence asserts that "[o]riginally, Silvana L. Sital had designated the primary beneficiary as her husband, defendant Winston L. Spence, Jr. He alleges that subsequent false concerns arose about the proceeds from this policy being possibly seized by creditors, so the words "in trust for Jayson & Minor J.S." were inserted into the primary beneficiary space after "Winston Spence."

Defendant Spence further attempts to discredit the GAL's ability to make a recommendation to this Court because "[he] has not spoken to nor contacted any of the defendants, including his client, has not spoken to Laurie M. Spence nor has he spoken to anyone else associated with this case." See Doc. 4 at p. 4. The GAL does not dispute that he has not been engaged in communications with the defendants. This is not the end of the story, however. The GAL, as an officer of this Court has represented that on October 25, 2011, and October 26, 2011, he did attempt to contact Winston Spence to no avail. This Court has experienced similar difficulties contacting defendant Spence; for example, this Court notes it was not able to reach defendant Spence during this Court's August 19, 2011, Scheduling Conference after making several attempts. As a result, the conference call proceeded without him. GAL Prezioso has also attempted to contact defendant Spence via email, to which no response was received. Again, in preparing his response, the GAL again attempted to contact the defendant and minor J.S. using the contact information in the record, which was provided by defendant Winston Spence, Jr. Finally,

the GAL notes that, contrary to defendant Spence's assertion, he has consulted with counsel for plaintiff National Benefit.

Defendant Spence further attempts to bolster his argument by noting that the style, spacing, and size of all other writings contained in the application were of the same nature, while the provision "in trust for Jayson Spence and minor J.S." is "squeezed in print that is smaller, tighter and capitalized more." Id. at p. 5. This Court finds two possible explanations for this, both of which favor the children.

First, this smaller print containing the phrase "in trust for Jayson Spence and minor J.S." is found on both the Primary Beneficiary and Contingent Beneficiary fields in line 9 of the Policy. This Court notes the fields are limited in space, and thus the subject phrase "in trust for . . . " literally had to be "squeezed." Additionally, the fact that this phrase was written in capital letters tends to suggest an emphasis that the true beneficiaries were Jayson Spence and J.S.

Turning to defendant Spence's alternative theory that these phrases were "squeezed" in at a later date due to concerns that the Policy proceeds could be seized by creditors is also suspicious. In his Answer to the GAL, defendant Spence states that "no changes in this policy were attempted, successful or otherwise."

Defendant Spence proceeds to make desperate attempts to support his position, first by attacking the insurance agent, Laurie Spence, for failing to provide necessary information needed to make an informed decision concerning the proper completion of the insurance application. Spence asserts that at no time were the terms "In trust for" or "trustee" explained to him. Spence then stoops to the level of asking this Court to take into consideration that the agent had only been licensed for five (5) months prior to the

completion of the Policy. It is this lack of experience to which defendant Spence attributes the "direct impact on the key issues facing this Court in this matter." The Court finds it noteworthy that they were free to select any agent of their choosing, and the agent they selected was defendant Spence's sister-in-law, Laurie Spence.

## IV. Discussion

This Court fully agrees that the terms of the Policy clearly and unambiguously state that Ms. Sital designated as her primary beneficiary: "Winston L. Spence, Jr. In trust for Jayson Spence and J.S." This Court must tune out the above noise as evidence of prior parol representations which will not be received to alter the terms of a written insurance contract. Rather, the writing is conclusively presumed to contain the full agreement of the parties. Accordingly, the Policy proceeds shall be awarded as stated therein, in equal shares to Jayson Spence and J.S.

## CONCLUSION

In light of the above, this Court **ORDERS** as follows:

1. National Benefit Life Insurance Company's Motion to Dismiss Defendants' Counterclaim **[Doc. 18]** is **GRANTED**. Accordingly, the Defendant's Counterclaim **[Doc. 12]** is hereby **DISMISSED**.

2. National Benefit Life Insurance Company's Motion for Summary Judgment **[Doc. 33]** is **GRANTED**.

3. The Policy proceeds of $100,000.00, together with any interest accrued thereon, shall be divided equally between defendants Jayson Spence and J.S.

4. Plaintiff National Benefit Life Insurance Company is **ORDERED** to deposit the insurance proceeds in the sum of One Hundred Thousand Dollars ($100,000.00), together with any interest accrued thereupon, into this Court's registry, to be deposited into an interest-bearing account.

5. One half of the insurance proceeds shall be immediately distributed to Jayson Spence, who has reached the legal age of maturity.

6. The remainder of funds shall be paid to GAL Christopher J. Prezioso, Esq., to hold in trust for J.S. in an interest-bearing account until such time as he reaches maturity.

7. The parties shall bear their own expenses and fees in connection with this action.

8. The Plaintiff shall bear the cost of the fees for the Guardian *ad Litem*.

9. This Court **DENIES** defendant Winston L. Spence, Jr.'s request for oral argument.

10. This matter is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein, to the GAL, and to send a copy by certified mail, return receipt requested, to the *pro se* defendants.

**DATED:** December 12, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE